UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIGADIER ROOFING, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROOFER'S UNIONS WELFARE TRUST FUND, <br><br> Defendant. | No. 1:14 C 10496 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Brigadier Roofing, Inc.'s ("BRI") Motion to Strike Defendant's Motion to Dismiss. For the reasons set forth below, Plaintiff's motion is granted.

*I. Background*

Plaintiff filed this restitution case against Defendant Roofer's Unions Welfare Trust Fund ("the Fund"), alleging that BRI paid out $79,598.98 in contribution payments to the Fund but never received the employee health and welfare benefits they were promised in exchange. In February 2015, Defendant filed a Motion to Dismiss the original complaint and Plaintiff responded with a Motion for Leave to File a First Amended Complaint. Defendant objected, and I presided over a hearing on these issues on June 16, 2015 at which I granted Plaintiff leave to file its Amended Complaint. Defendant promptly responded with a Motion to Dismiss the First Amended Complaint, which is comprised of the same arguments put forth in their opposition motion to Plaintiff's Motion for Leave to File a First Amended Complaint. Specifically, Defendant asserts that Plaintiff failed to allege facts sufficient to state a claim under the Employee Retirement Income Security Act of 1974 ("ERISA") and argues that ERISA preempts Plaintiff's Counts II and III. Plaintiff now seeks to strike this Motion to Dismiss, arguing that it

1

merely revives claims that were already briefed and decided at the June 16 hearing.

## II. Discussion

Under the Federal Rules of Civil Procedure, courts should freely grant a party leave to amend a pleading. Fed. R. Civ. P. 15(a). But that liberal standard is heightened when the opposing party bases its objection on the argument that an amendment is futile because it would not survive a motion to dismiss. In this context, the court looks to whether the amended pleading would survive a motion to dismiss. *See, e.g., Gandhi v. Sitara Capital Management, LLC*, 721 F.3d 865, 869 (7th Cir. 2013) (citing *Brunt v. SEIU*, 284 F.3d 715, 720-721 (7th Cir. 2002)). In other words, the court applies identical standards to futility objections as to motions to dismiss, deciding whether the plaintiff has stated a "claim to relief that is plausible on its face" and whether the plaintiff has pleaded something more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This is the standard I used when I considered and denied Defendant's Motion in Opposition to Plaintiff's Motion for Leave to File a First Amended Complaint, just as I would if I were to evaluate Defendant's pending Motion to Dismiss.

There is a strong presumption against revisiting matters that have already been decided in the course of the litigation, such as the ones before me today. *See Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007). This is a well-established doctrine that serves judicial interests in consistency, finality, and conservation of resources. *Id*. Rarely, a court may reconsider an earlier ruling for a "compelling reason, such as manifest error or a change in the law." *Id*. (citing *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006). No such circumstances are present here, and as a result it would not be appropriate for me to reexamine these arguments.

Defendant argues that its claims have not been considered on the merits under the more stringent pleading standard of Federal Rule 12(b)(6). This is incorrect. I applied the 12(b)(6) standard when considering Defendant's futility objection, and I concluded that the Amended Complaint could survive a motion to dismiss. Defendant also asserts that the June hearing only addressed Plaintiff's Motion for Leave to Amend, rather than the merits of Defendant's claims. But the two sets of claims -- Plaintiff's motion, and Defendant's opposition to that motion (reiterated in its Motion to Dismiss) -- are intertwined. In considering the former, I necessarily weighed Defendant's arguments in opposition. Because these are the same arguments they have revived in their present Motion to Dismiss, and because I substantively considered and ruled on them in June, I will not consider them again.

## III. Conclusion

Plaintiff's Motion to Strike Defendant's Motion to Dismiss is granted. Defendant is ordered to answer Plaintiff's First Amended Complaint by November 24, 2015.

ENTER:

James B. Zagel
United States District Judge

DATE: October 27, 2015